HAROLD BRONSTEIN    #4320
P. O. Box 3064
Lihue, Hawaii  96766
Telephone:  245-1997

Attorney for Plaintiff
JEANETTE PHEASANT

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re | Bankruptcy Case No. 06-00898 |
| JAMES WILLIAM LULL, | Chapter 7 |
| Debtor. | Adversary Proceeding No. 07-90028 |
| | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| JEANETTE PHEASANT, | |
| Plaintiff, | |
| vs. | |
| JAMES WILLIAM LULL, | |
| Defendant. | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter having been before the Honorable Lloyd King on March 27, 2008 on the Plaintiff's Motion for Default Judgment Filed February 27, 2008, and the Court having reviewed the Affidavits in support thereof, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. At all times material hereto, Plaintiff, Jeanette Pheasant (Pheasant) was a Creditor of the Debtor, James William Lull's (Lull), bankruptcy estate.

2. At all times material hereto, Lull was licensed as a mortgage solicitor in the State of Hawaii and employed by U.S. Financial Mortgage Corp.

3. At all times material hereto, U.S. Financial Mortgage Corp. was licensed as a mortgage broker in the State of Hawaii.

4. On January 10, 2006 your Affiant invested with Lull the principal sum of $650,000.00. A true and correct copy of the Promissory Note executed by Lull and dated January 10, 2006 is attached to the Plaintiff's Motion for Default Judgment, Filed February 27, 2005 as Exhibit "A".

5. Pheasant agreed to invest $650,000.00 with Lull based upon Lull's representations to Pheasant, including the representation that the $650,000.00 Promissory Note would be secured by three (3) Mortgages.

6. Lull represented to Pheasant that the mortgages would be recorded at the Bureau of Conveyances in Lull's name, and then assigned to Pheasant.

U.S. Bankruptcy Court - Hawaii #07-90028 Dkt # 41 Filed 04/30/08 Page 2 of 9

7. On or about January 9, 2006, Lull represented to Pheasant that if Pheasant invested $650,000.00, the monies would be invested as follows:

    a. $200,00.00 of the Promissory Note would be secured by a first mortgage on property owned by Lani and Mike McLychock, 5880-C Kahiliholo Road, Apartment 3, Kilauea, Hawaii, TMK (4)5-2-22-7-0003;

    b. That $350,000.00 of the Promissory Note would be secured by a first mortgage on property at Kalihiwai Road, Kilauea, Hawaii owned by individuals identified by Lull as the Ontkeans; and

    c. That $100,000.00 of the Note would be secured by a second mortgage on property owned by Patrick Harrington, located in Anahola, Kauai, Hawaii.

8. Lull further represented to Pheasant that upon Pheasant's demand, notwithstanding the terms of the Promissory Note, Lull would repay to Pheasant any amount then due and owing Pheasant.

9. At the time Lull made these representations, Lull knew these representations were false, but intended for Pheasant to rely upon these false representations.

10. That Pheasant did in fact rely upon the false representations made by Lull and on January 10, 2006 invested $650,000.00 with Lull.

11. On or about February 1, 2006, Pheasant met with Lull at his office to inquire about the security of Pheasant's loan, as Pheasant had not received copies of the recorded mortgages and/or the assignment of the mortgages to Pheasant.

12. On March 1, 2006 Pheasant again met with Lull, at which time Pheasant again requested copies of the recorded mortgages and the assignments of the mortgages to Pheasant.

13. At the meeting on March 1, 2006, Pheasant did not receive copies of any recorded mortgages and/or any assignments to Pheasant.

14. At the March 1, 2006 meeting, Pheasant was told by Lull that Pheasant had two (2) loans of $200,000.00 and $300,000.00 on the McLychok property, and they would pay off in less than thirty (30) days.

15. Pheasant was further told that the balance of $150,000.00 was a second mortgage on the Harrington property, and that the loan was for six (6) months.

16. Upon Lull's assurances that as represented he would return to Pheasant the $650,000.00, Pheasant made arrangements to invest $400,000.00 with Grunewald Equity Funding and $250,000.00 with JSW Financial.

17. On June 1, 2006, Lull wrote a check for $150,000.00 to Grunewald Equity Funding. Upon deposit, the check was returned by the bank and "payment stopped" on June 21, 2006. A true and correct copy

4

of the check and the remittance advice was attached to the Plaintiff's Motion for Default Judgment, Filed February 27, 2008 as Exhibit "B".

18. On July 6, 2006, Lull wrote a check for $400,000.00 to Grunewald Equity Funding. Upon deposit, the check was returned for "insufficient funds" on July 7, 2006, and "payment stopped" on the check on July 14, 2006. A true and correct copy of the check and remittance advice was attached to the Plaintiff's Motion for Default Judgment, Filed February 27, 2008 as Exhibit "C".

19. Pheasant met with Lull on July 21, 2006, at which time Lull made additional false promises to Pheasant. A true and correct copy of Lull's handwritten note of July 21, 2006 to Pheasant was attached to the Plaintiff's Motion for Default Judgment, Filed February 27, 2008 as Exhibit "D".

20. From February 1, 2006 through August 22, 2006, Lull made interest payments on the Promissory Note in the amount of $42,835.00 as follows:

| Date of Payment | Amount |
| --- | --- |
| February 1, 2006 | $4,335.00 |
| March 10, 2006 | $6,500.00 |
| April 10, 2006 | $6,500.00 |
| May 5, 2006 | $6,500.00 |
| May 29, 2006 | $1,000.00 |
| June 7, 2006 | $5,000.00 |

U.S. Bankruptcy Court - Hawaii   #07-90028   Dkt # 41   Filed 04/30/08   Page 5 of 9

July 18, 2006         $6,500.00

August 22, 2006       $6,500.00

21. That on or about August 30, 2006, Lull made a principal payment on the Promissory Note in the amount of $50,000.00.

22. That on or about October 13, 2006, Pheasant filed a Complaint in the Fifth Circuit Court, State of Hawaii, <u>Pheasant v. Lull</u>, Civil No. 06-1-0148 seeking recovery of the monies owed by Lull to Pheasant. The Fifth Circuit Court action was stayed due to the filing of the Debtor's Bankruptcy Petition on December 8, 2006.

23. At the time Lull filed his Debtor's Bankruptcy Petition on December 8, 2006, there was due and owing to Pheasant the principal sum of $600,000.00 and accrued interest of $26,255.41.

24. Interest in the amount of $93,698.50 on the principal sum of $600,000.00 has accrued from December 8, 2006 through March 27, 2008 at the rate of 12% per annum or $197.26 per day.

25. Pursuant to the Assignment of Mortgage dated August 3, 2006 and recorded on August 21, 2006 in the Office of the Registrar of the State of Hawaii as Document No. 3469988, as noted on Transfer Certificate of Title No. 763,260, Lull assigned to Pheasant the mortgage dated July 27, 2005 given by Adi Barzilai, Mortgagor to James William Lull, husband of Theresa S. Lull, Mortgagee, in the face amount of forty-six thousand, eight hundred and no/100 dollars ($46,800.00), recorded on August 4, 2005 in the Office of the Registrar of the State

6

of Hawaii, as Document No. 3308154, as noted on Transfer Certificate of Title No. 763,260.

26. That since Lull assigned the Barzilai mortgage to Pheasant in August, 2006, Pheasant has not received any payments on interest or principal with respect to the Barzilai mortgage.

CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 28 U.S.C. 1334 and 11 U.S.C. 523.

2. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I), (J) and (O).

3. Venue is proper in this Court.

4. 11 U.S.C. 523(a)(2)(A) provides that a debt is non-dischargeable if it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extend obtained by ... false pretenses, a false representation, or actual fraud, ...".

5. Pheasant's investment of six hundred, fifty thousand and no/100 dollars ($650,000.00) with Lull was made upon the false representations and actual fraudulent actions of Lull.

6. Lull's debt to Pheasant under the Promissory Note dated January 10, 2006 is a non-dischargeable debt pursuant to 11 U.S.C. 523 (a)(2)(A).

7

U.S. Bankruptcy Court - Hawaii #07-90028 Dkt # 41 Filed 04/30/08 Page 7 of 9

7. 11 U.S.C. 523(a)(6) provides that a debt is non-dischargeable if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity...".

8. For an injury to be willful and malicious within the meaning of 11 U.S.C. § 523(a)(6), it must have been committed deliberately or intentionally to cause injury. Where an intentional breach of contract is accompanied by tortious conduct which results in willful and malicious injury, the resulting debt is excepted from discharge under 11 U.S.C. § 523(a)(6).

9. Lull's false representations and actual fraudulent actions in inducing Pheasant to invest six hundred, fifty thousand and no/100 dollars ($650,000.00) with Lull constitutes a willful and malicious injury by Lull to Pheasant and her property pursuant to 11 U.S.C. 523(a)(6).

10. Lull's debt to Pheasant under the Promissory Note dated January 10, 2006 is non-dischargeable debt pursuant to 11 U.S.C. 523(a)(6).

11. At the time Lull filed his Debtor's Bankruptcy Petition on December 8, 2006, there was due and owing to Pheasant on the Promissory Note dated January 10, 2006, the principal sum of $600,000.00 and accrued interest of $26,255.41.

U.S. Bankruptcy Court - Hawaii   #07-90028   Dkt # 41   Filed 04/30/08   Page 8 of 9

12. Interest on the principal sum of $600,000.00 shall accrue from December 8, 2006 through the date of entry of Judgment at the rate of 12% per annum or $197.26 per day.

13. Interest on the principal sum of $600,000.00 at the rate of 12% per annum or $197.26 per day has accrued from December 8, 2006 through March 27, 2008 in the amount of $93,698.50.

14. Pursuant to paragraph 4(C) of the Promissory Note and HRS 607-14, Plaintiff is entitled to an award of attorney's fees and costs. Pheasant may prove her attorney's fees and costs by Declaration.

15. A non-dischargeable final judgment shall be entered in favor of the Plaintiff Jeannette Pheasant against the Defendant, James William Lull for the principal sum due of $600,000.00 plus accrued interest of $119,953.91 through March 27, 2008, plus interest at the rate of $197.26 per day from March 28, 2008 through the date of entry of final judgment, plus attorney's fees and costs.

DATED: Honolulu, Hawaii, APR 3 0 2008

/s/ Lloyd King
UNITED STATES BANKRUPTCY JUDGE

9